IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON, INC. and CORDIS CORPORATION, <br><br> Defendants. | Civil Action No. 07-333-SLR |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively "BSC"), through their attorneys, hereby respond to Defendants Johnson & Johnson, Inc. and Cordis Corporation (collectively "J&J") motion for a 30-day extension of time to respond to the complaint in the above action as follows.

As a matter of simple courtesy, BSC would not oppose an extension of time for J&J to respond to the complaint in this case. However, J&J's extension request is enveloped in a much more complex situation than that presented in J&J's motion paper. This case is only one part of a much larger dispute that separately pits BSC and Abbott Laboratories, Inc. ("Abbott") against J&J, and comprises multiple cases pending before this Court, involves multiple J&J patents stemming from the same patent family, and is centered on the same, everolimus-eluting stent sold by both Abbott and BSC under different names (BSC's PROMUS stent, which is made by

Abbott for BSC, and Abbott's XIENCE V stent).[1] There are now a total of *four* such related cases (including the instant one) against J&J before this Court, two filed by BSC and two filed by Abbott.[2]

J&J has not answered the complaints in either of the two Abbott litigations related to this one, instead moving to dismiss or arguing for transfer to the District of New Jersey (where J&J filed actions against Abbott on two of the same patents presently at issue before this Court in both the Abbott and BSC litigations against J&J). BSC had no opportunity to present this Court with its position on those jurisdictional disputes between J&J and Abbott, which nevertheless may directly impact BSC's own ability to litigate its rights in this Court. Since J&J is the only party involved in all four of these related cases, in response to J&J's request for an extension of time to respond to the instant complaint, BSC simply asked J&J whether it intended to move to dismiss this case and, if so, whether it would agree to approach the Court and request that all jurisdictional issues in the related Abbott and BSC litigations be considered at the same time. J&J refused to do so and, indeed, even refused to state at this time whether it intended to answer the complaint in this action or file a jurisdictional motion against it.

---

[1] Abbott manufactures the stent at issue in this case, which BSC markets as the "PROMUS" stent, and Abbott markets as the "XIENCE V" stent – the subject matter of the two, related Abbott litigations.

[2] These four related cases before this Court are: (1) Abbott's September 29, 2006 declaratory judgment action against J&J (Civil Action No. 06-613-SLR), alleging that J&J's U.S. Patent Nos. 6,585,764, 6,776,796, and 6,808,536 are invalid and not infringed by Abbott's manufacture and/or use of the XIENCE V stent; (2) Abbott's May 15, 2007 declaratory judgment action against J&J (Civil Action No. 07-259-SLR) alleging that J&J's U.S. Patent No. 7,217,286 ("the Falotico '286 patent") is invalid and not infringed by Abbott's manufacture and/or use of the XIENCE V stent; (3) the instant case, filed May 25, 2007, which is BSC's declaratory judgment action against J&J, alleging that the Falotico '286 patent is invalid and not infringed by BSC's activities regarding the PROMUS stent; and (4) BSC's June 1, 2007 declaratory judgment action against J&J (Civil Action No. 07-348-SLR), alleging that J&J's U.S. Patent No. 7,223,286 (the "Wright '286 patent") is invalid and not infringed by BSC's activities regarding the PROMUS stent. In addition, in its Civil Action No. 06-613-SLR, Abbott has filed two supplemental motions for leave to add the Wright '286 patent to that case and for leave to add yet another J&J patent to that case, U.S. Patent No. 7,229,473 (the "Wright '473 patent"). All of the foregoing J&J patents in these four actions stem from the same J&J patent family.

J&J's refusal to answer BSC's simple inquiry about its intentions in this case is telling and alarming to BSC. BSC fears that the extension J&J seeks will cause the timing of its response in this case, relative to the resolution of the jurisdictional motion practice in the two Abbott v. J&J litigations, to be such that BSC will not have a chance to present critical jurisdictional arguments to the Court before the Court decides those motions in those Abbott litigations. Therefore, if the Court grants J&J's requested extension, and J&J then files a jurisdictional motion 30 days from now, BSC respectfully requests that the Court set an expedited briefing schedule on any such motion that allows it to be briefed prior to a decision on the same issues now pending in the two Abbott litigations. In that way, BSC would have an opportunity to be heard by this Court on these same, critical jurisdictional issues that J&J has raised in the two Abbott litigations indisputably linked to this one.

In those two Abbott litigations, J&J has unambiguously advocated the position that its dispute with Abbott on the above J&J patents and Abbott's stent product should not be heard before this Court. J&J moved to dismiss the first of the two Abbott litigations (Civil Action No. 06-613-SLR) for alleged lack of subject matter jurisdiction . In the other one (Civil Action No. 07-259-SLR), Abbott moved to enjoin J&J from pursuing its later-filed cases in the District of New Jersey (which involve two of the same patents at issue before this Court, namely the Falotico '286 patent and the Wright '286 patent). J&J responded by arguing that Abbott's May 15 declaratory judgment action on the Falotico '286 patent (the same patent at issue in the instant case) should be transferred to the District of New Jersey. While the briefing on the motion to dismiss is complete, the briefing on Abbott's motion to enjoin will not be complete until June 22.

Given J&J's aggressive jurisdictional posture against Abbott in the two cases related to this one, BSC has substantial concern that J&J will make the same arguments to dismiss or transfer in this case. Therefore, when J&J approached BSC last week seeking an extension of time to answer the complaint in this case, BSC simply inquired whether J&J intended ultimately to answer the complaint or move against it jurisdictionally. J&J would not, and still has not, answered that question. J&J's silence is surprising. It is unlikely that J&J would want to litigate on the same patents and same stent product (BSC's PROMUS and Abbott's XIENCE V) against two different parties (BSC and Abbott), in two different districts (here and the District of New Jersey), which would be the result if J&J ultimately answered the instant complaint and prevailed in its jurisdictional motion practice in the two Abbott litigations. Thus, it is difficult to imagine that J&J has no idea whether it will answer the instant complaint or file a motion to transfer or dismiss.

BSC strongly believes that this Court is the proper forum to resolve this multi-faceted dispute among these three parties, BSC, Abbott and J&J, particularly given this Court's familiarity with stent technology from prior litigation involving the same parties as this case. BSC simply wanted some assurance from J&J that it would not intentionally try to extend its date to respond to the instant complaint to a date after the Court's resolution of J&J's jurisdictional dispute with Abbott. BSC is concerned that J&J would later argue that BSC's right to litigate in this Court should be decided by the earlier resolution of the Abbott jurisdictional dispute. BSC believes it would be more equitable to all parties to these multiple actions, as well as more economical and cost-effective, if this Court had the opportunity to hear and consider all jurisdictional issues among BSC, Abbott and J&J prior to making its decision, not just those of J&J and Abbott.

Accordingly, if the Court grants J&J's requested 30-day extension, and J&J then files a jurisdictional motion 30 days from now, BSC respectfully requests that the Court set an expedited briefing schedule on any such motion that allows it to be briefed prior to a decision on the same issues now pending in the two Abbott litigations.

        YOUNG CONAWAY STARGATT &
        TAYLOR, LLP

        _____
        Josy W. Ingersoll (#1088)
        Karen E. Keller (#4489)
        The Brandywine Building, 17th Floor
        1000 West Street
        Wilmington, DE 19801
        jingersoll@ycst.com
        kkeller@ycst.com
        (302) 571-6554

        *Attorneys for Plaintiffs*
*Of Counsel:*        *Boston Scientific Corporation and*
        *Boston Scientific Scimed, Inc.*

Richard L. Delucia
Paul M. Richter
Michael K. Levy
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Dated: June 20, 2007

5

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on June 20, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>    Steven J. Balick, Esquire
>    John G. Day, Esquire
>    Lauren E. Maguire, Esquire
>    Ashby & Geddes
>    500 Delaware Avenue, 8th Floor
>    Wilmington, DE  19801

I further certify that on June 20, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>    David T. Pritikin, Esquire
>    William H. Baumgartner, Jr., Esquire
>    Russell E. Cass, Esquire
>    Laura L. Kolb, Esquire
>    Sidley Austin LLP
>    One South Dearborn
>    Chicago, IL 60603

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller (No. 4489)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
kkeller@ycst.com

Attorneys for Boston Scientific Corporation and Boston Scientific Scimed, Inc.