## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 07-333-SLR Civil Action No. 07-348-SLR |
| v. | ) ) | Civil Action No. 07-409-SLR |
| JOHNSON & JOHNSON, INC., CORDIS CORPORATION, and WYETH | ) ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-765-SLR |
| JOHNSON & JOHNSON, INC., CORDIS CORPORATION, and WYETH | ) ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF JON M. SPANBAUER IN SUPPORT OF CORDIS'S OPPOSITION TO BSC'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

I, Jon M. Spanbauer declare:

1.     I am an associate at the law firm of Sidley Austin, One S. Dearborn St., Chicago, IL, 60603.

2.     I have been admitted *pro hac vice* in the above-captioned cases pursuant to Local Rule 83.5 for the purpose of representing Johnson & Johnson, Inc., Cordis Corp. and Wyeth.

3.     I am generally familiar with the facts and procedural history of this litigation.

4.     A true and correct copy of an e-mail sent on October 15, 2008 from Paul Richter to Russ Cass is attached to this declaration as Exhibit A.

5.    A true and correct copy of an e-mail sent on October 15, 2008 from Russ Cass to Paul Richter is attached to this declaration as Exhibit B.

6.    A true and correct copy of an e-mail sent on October 23, 2008 from Paul Richter to Russ Cass is attached to this declaration as Exhibit C.

7.    A true and correct copy of an e-mail sent on November 26, 2008 from Paul Richter to Russ Cass is attached to this declaration as Exhibit D.

8.    A true and correct copy of an e-mail sent on October 16, 2008 from Paul Richter to Russ Cass is attached to this declaration as Exhibit E.

9.    A true and correct copy of an e-mail sent on October 15, 2008 from Paul Richter to Russ Cass is attached to this declaration as Exhibit F.

10.    True and correct copies of letters sent by Patrick Herman to Jon Spanbauer on June 18, July 14, and July 25, 2008 are attached as Exhibit G.

11.    True and correct copies of letters sent by Jon Spanbauer to Kenyon & Kenyon on April 12, April 17, May 2, May 6, July 1, July 15, July 24, July 31, August 14, September 2, September 16, September 17, September 19, and October 14 are attached to this declaration as Exhibit H. The cover letter sending Bates Range CRDS01735097 through CRDS01736438 was sent on September 2, though it was marked with the date August 14.

12.    A true and correct copy of *Dimensional Communications, Inc. v. OZ Optics, Ltd.,* 148 Fed. Appx. 82 (3d. Cir. 2005) is attached to this declaration as Exhibit I.

13.    Between October 16, 2008 and the present, Cordis produced documents with the Bates Range CORD000001-CORD016658.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

\\

I declare under penalty of perjury that the statements made in this declaration are true and correct.

Dated:  January 16, 2009

Jon M. Spanbauer

# EXHIBIT A

**Weiner, Justin**

| | |
|---|---|
| **From:** | Richter, Paul [PRichter@kenyon.com] |
| **Sent:** | Wednesday, October 15, 2008 10:51 AM |
| **To:** | Cass, Russell E.; Spanbauer, Jon M. |
| **Cc:** | DeLucia, Richard; Levy, Michael; Ginsberg, Jeffrey |
| **Subject:** | Amendment of Complaints in DE Wright/Falotico cases re: patent unenforceability |

Dear Russ,

   Last Tuesday, October 7, I asked you whether your clients would agree to BSC amending its complaint to allege that each of the 4 patents-in-suit is unenforceable, much the same as Abbott just did in the NJ action on these patents. You told me that you'd get back to me with a response, but I haven't heard from you yet. Please let me know as soon as possible what your position is on this issue, so that we can file a motion for leave to amend if necessary.

   Thanks, Paul

# EXHIBIT B

## Weiner, Justin

**From:** Cass, Russell E.
**Sent:** Wednesday, October 15, 2008 10:52 AM
**To:** 'Richter, Paul'; Spanbauer, Jon M.
**Cc:** 'DeLucia, Richard'; 'Levy, Michael'; 'Ginsberg, Jeffrey'
**Subject:** RE: Amendment of Complaints in DE Wright/Falotico cases re: patent unenforceability

Paul,

Would BSC's defense be the same as Abbott's?  Could you send us the proposed amended pleadings?

Russ

---

**From:** Richter, Paul [mailto:PRichter@kenyon.com]
**Sent:** Wednesday, October 15, 2008 10:51 AM
**To:** Cass, Russell E.; Spanbauer, Jon M.
**Cc:** DeLucia, Richard; Levy, Michael; Ginsberg, Jeffrey
**Subject:** Amendment of Complaints in DE Wright/Falotico cases re: patent unenforceability

Dear Russ,

   Last Tuesday, October 7, I asked you whether your clients would agree to BSC amending its complaint to allege that each of the 4 patents-in-suit is unenforceable, much the same as Abbott just did in the NJ action on these patents.  You told me that you'd get back to me with a response, but I haven't heard from you yet.  Please let me know as soon as possible what your position is on this issue, so that we can file a motion for leave to amend if necessary.

   Thanks, Paul

# EXHIBIT C

## Weiner, Justin

| | |
|---|---|
| **From:** | Richter, Paul [PRichter@kenyon.com] |
| **Sent:** | Thursday, October 23, 2008 1:45 PM |
| **To:** | Cass, Russell E.; Spanbauer, Jon M. |
| **Cc:** | DeLucia, Richard; Levy, Michael; Ginsberg, Jeffrey |
| **Subject:** | RE: Amendment of Complaints in DE Wright/Falotico cases re: patent unenforceability |

Russ, BSC's defense includes the Abbott allegations and has some additional allegations as well.  We are finalizing a draft amended complaint and will send it to you when ready, as you requested.  Regards, Paul

---

**From:** Cass, Russell E. [mailto:rcass@Sidley.com]
**Sent:** Wednesday, October 15, 2008 11:52 AM
**To:** Richter, Paul; Spanbauer, Jon M.
**Cc:** DeLucia, Richard; Levy, Michael; Ginsberg, Jeffrey
**Subject:** RE: Amendment of Complaints in DE Wright/Falotico cases re: patent unenforceability

Paul,

Would BSC's defense be the same as Abbott's?  Could you send us the proposed amended pleadings?

Russ

---

**From:** Richter, Paul [mailto:PRichter@kenyon.com]
**Sent:** Wednesday, October 15, 2008 10:51 AM
**To:** Cass, Russell E.; Spanbauer, Jon M.
**Cc:** DeLucia, Richard; Levy, Michael; Ginsberg, Jeffrey
**Subject:** Amendment of Complaints in DE Wright/Falotico cases re: patent unenforceability

Dear Russ,
    Last Tuesday, October 7, I asked you whether your clients would agree to BSC amending its complaint to allege that each of the 4 patents-in-suit is unenforceable, much the same as Abbott just did in the NJ action on these patents.  You told me that you'd get back to me with a response, but I haven't heard from you yet.  Please let me know as soon as possible what your position is on this issue, so that we can file a motion for leave to amend if necessary.
    Thanks, Paul

-------------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

*************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or
If you are not the intended recipient, please delete the e-mail and any attachments
immediately.

*************************************************************************

# EXHIBIT D

**Weiner, Justin**

| | |
|---|---|
| **From:** | Richter, Paul [PRichter@kenyon.com] |
| **Sent:** | Wednesday, November 26, 2008 2:31 PM |
| **To:** | Cass, Russell E.; Spanbauer, Jon M. |
| **Subject:** | Amended Complaint re: patent unenforceability |

**Attachments:** 1634161_1.DOC; 1634158_1.DOC

Russ, following up on our conversation of earlier today, attached are amended complaints for the -333 and -765 actions, which add unenforceability allegations (BSC seeks to amend the -348 and -409 actions as well, but those are not attached as they would be identical to the -333 attachment, expect for the patent at issue). Please let me know as soon as possible whether Cordis will agree to stipulate to the filing and entry of these 4 amended complaints or if Cordis opposes their entry, in which case BSC will file a motion with the Court for leave to file these complaints. As I mentioned before, these complaints contain the same unenforceability allegations as made by Abbott in its amended complaints in NJ, along with some additionally-developed allegations. Let me know if you have any questions. Thanks, Paul

# EXHIBIT E

## Weiner, Justin

| | |
|---|---|
| **From:** | Richter, Paul [PRichter@kenyon.com] |
| **Sent:** | Thursday, October 16, 2008 12:44 PM |
| **To:** | Cass, Russell E.; EMAS@mcandrews-ip.com |
| **Cc:** | Spanbauer, Jon M. |
| **Subject:** | RE: Discovery Schedule |

Russ,

    The dates you propose are fine with BSC, but (relative to the DE BSC v. Cordis cases only) I think you left out that I proposed last week on the phone moving the opening sj brief date to 2/25 (to match the opening claim constr. brief), so that should make the opening sj brief date 2/27 under your revised schedule.  On the same basis, the sj opposition papers should be moved to 3/20 (since your proposal moves the the resp. cl. constr. br. to 3/20).  Also, since we apparently have an agreement on moving these dates, we won't be exchanging claim term lists tomorrow as previously discussed (the new date for that would be 11/3 - 30 days before the close of fact discovery).  Let me know if this works for you and we can proceed with having a stipulation prepared and filed with the DE court.

    Thanks, Paul

---

**From:** Cass, Russell E. [mailto:rcass@Sidley.com]
**Sent:** Tuesday, October 14, 2008 10:52 PM
**To:** EMAS@mcandrews-ip.com; Richter, Paul
**Cc:** Spanbauer, Jon M.
**Subject:** Discovery Schedule

Ed and Paul,

Thanks for proposing a revised discovery and briefing schedule.  We have a few minor proposed changes as follows:

| | Current Date | Abbott/BSC Proposal | Cordis Proposal |
|---|---|---|---|
| Close of fact discovery | 11-7-2008 | 12-3-2008 | 12-3-2008 |
| Opening Expert Reports | 11-25-08 | 12-23-08 | 12-23-08 |
| Rebuttal Expert Reports | 12-22-08 | 1-20-09 | 1-23-09 |
| Close of Exp. Discovery | 2-3-09 | 2-11-09 | 2-13-09 |
| Joint Cl. Constr. Stmt. | 2-3-09 | 2-11-09 | 2-13-09 |
| Opening Cl. Const. Brief | 2-17-09 | 2-25-09 | 2-27-09 |
| Resp. Cl. Constr. Br. | 3-17-09 | | 3-20-09 |

Let me know if this looks acceptable to you.

Russ

---

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such

taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

****************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or
If you are not the intended recipient, please delete the e-mail and any attachments
immediately.

****************************************************************************

# EXHIBIT F

## Weiner, Justin

| | |
|---|---|
| **From:** | Richter, Paul [PRichter@kenyon.com] |
| **Sent:** | Wednesday, October 15, 2008 10:41 AM |
| **To:** | Cass, Russell E.; EMAS@mcandrews-ip.com |
| **Cc:** | Spanbauer, Jon M. |
| **Subject:** | RE: Discovery Schedule |

Russ,

    Thanks for your message.  As I said when we were originally approached regarding a slight extension of the dates last week, BSC is happy to cooperate as long as it doesn't impact the sj/Markman hearing date (4/24/09) and the trial date (starting 8/3/09).  We'll take a look at your proposed changes from the dates discussed last week, and get back to you shortly.  Regards, Paul

---

**From:** Cass, Russell E. [mailto:rcass@Sidley.com]
**Sent:** Tuesday, October 14, 2008 10:52 PM
**To:** EMAS@mcandrews-ip.com; Richter, Paul
**Cc:** Spanbauer, Jon M.
**Subject:** Discovery Schedule

Ed and Paul,

Thanks for proposing a revised discovery and briefing schedule.  We have a few minor proposed changes as follows:

| | Current Date | Abbott/BSC Proposal | Cordis Proposal |
|---|---|---|---|
| Close of fact discovery | 11-7-2008 | 12-3-2008 | 12-3-2008 |
| Opening Expert Reports | 11-25-08 | 12-23-08 | 12-23-08 |
| Rebuttal Expert Reports | 12-22-08 | 1-20-09 | 1-23-09 |
| Close of Exp. Discovery | 2-3-09 | 2-11-09 | 2-13-09 |
| Joint Cl. Constr. Stmt. | 2-3-09 | 2-11-09 | 2-13-09 |
| Opening Cl. Const. Brief | 2-17-09 | 2-25-09 | 2-27-09 |
| Resp. Cl. Constr. Br. | 3-17-09 | | 3-20-09 |

Let me know if this looks acceptable to you.

Russ

------------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this

communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.

*****************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or
If you are not the intended recipient, please delete the e-mail and any attachments
immediately.

*****************************************************************************

# EXHIBIT G



Patrick Herman
Direct 212.908.6450
pherman@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

June 18, 2008

**By Overnight Courier**

Jon M. Spanbauer, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603

    Re:    *Boston Scientific Corp. et al. v. Johnson & Johnson, Inc. et al.,* Civil Action Nos. 07-333, 07-348, 07-409, and 07-765 (D. Del.)

Dear Jon:

    Enclosed please find Boston Scientific production documents bearing Bates Nos. BSC-P0011658 through BSC-P0035491.  Pursuant to District of Delaware Local Rule 26.2, these documents are to be treated as "Outside Counsels' Eyes Only," regardless of the confidentiality label they bear, until the Court issues an appropriate protective order.

    Please contact me if you have difficulties accessing the enclosed document production. Additional documents will be produced on a rolling basis.

            Regards,

            KENYON & KENYON LLP

            Patrick Herman

Enclosure



Patrick Herman
Direct 212.908.6450
pherman@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

July 14, 2008

**By Overnight Courier**

Jon M. Spanbauer, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603

Re:  *Boston Scientific Corp. et al. v. Johnson & Johnson, Inc. et al.,* Civil Action Nos. 07-333, 07-348, 07-409, and 07-765 (D. Del.)

Dear Jon:

Enclosed please find Boston Scientific production documents bearing Bates Nos. BSC-P0035492 through BSC-P0089562. Pursuant to District of Delaware Local Rule 26.2, these documents are to be treated as "Outside Counsels' Eyes Only," regardless of the confidentiality label they bear, until the Court issues an appropriate protective order.

Please contact me if you have difficulties accessing the enclosed document production. Additional documents will be produced on a rolling basis.

Regards,

KENYON & KENYON LLP

Patrick Herman

Enclosures

New York   Washington, DC   Silicon Valley   www.kenyon.com



Patrick Herman
Direct 212.908.6450
pherman@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

July 25, 2008

**By Overnight Courier**

Jon M. Spanbauer, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603

     Re:   *Boston Scientific Corp. et al. v. Johnson & Johnson, Inc. et al.,* Civil Action Nos. 07-333, 07-348, 07-409, and 07-765 (D. Del.)

Dear Jon:

     Enclosed please find Boston Scientific production documents bearing Bates Nos. BSC-P0089563 through BSC-P0112424.  Pursuant to District of Delaware Local Rule 26.2, these documents are to be treated as "Outside Counsels' Eyes Only," regardless of the confidentiality label they bear, until the Court issues an appropriate protective order.  Please contact me if you have difficulties accessing the enclosed document production.

     Regards,

     KENYON & KENYON LLP

     Patrick Herman

Enclosures

# EXHIBIT H



| | |
|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING      LOS ANGELES<br>BRUSSELS    NEW YORK<br>CHICAGO     SAN FRANCISCO<br>DALLAS      SHANGHAI<br>FRANKFURT   SINGAPORE<br>GENEVA     SYDNEY<br>HONG KONG  TOKYO<br>LONDON     WASHINGTON, D.C. |
| jspanbauer@sidley.com<br>(312) 853-7582 | FOUNDED 1866 |

April 12, 2008

**By Federal Express Overnight Courier**

Jerry Canada
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007
(212) 908-6292
jcanada@kenyon.com

      Re:    <u>Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765</u>

Dear Jerry:

      Please find enclosed two hard drives containing Cordis production documents CRDS00000001 to CRDS00963006. These documents contain "Confidential" and "Highly Confidential" information. As the parties have agreed, Cordis is producing these documents with the understanding that Boston Scientific will treat them as outside counsel eyes only pending entry of a protective order.

                              Very truly yours,

                              Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jspanbauer@sidley.com
(312) 853-7582

FOUNDED 1866

April 17, 2008

**By Federal Express Overnight Courier**

Jerry Canada
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007
(212) 908-6292
jcanada@kenyon.com

Re:   Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765

Dear Jerry:

Please find enclosed one hard drive containing Cordis production documents CRDS00963007 to CRDS01418901. These documents contain "Confidential" and "Highly Confidential" information. As the parties have agreed, Cordis is producing these documents with the understanding that Boston Scientific will treat them as outside counsel eyes only pending entry of a protective order.

Very truly yours,

Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CH1 4238544v.1



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jspanbauer@sidley.com
(312) 853-7582

FOUNDED 1866

May 2, 2008

**By Federal Express Overnight Courier**

Jerry Canada
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007
(212) 908-6292
jcanada@kenyon.com

      Re:   <u>Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765</u>

Dear Jerry:

      Please find enclosed one DVD containing Cordis production documents CRDS01419217 to CRDS01419334. These documents contain "Confidential" and "Highly Confidential" information. As the parties have agreed, Cordis is producing these documents with the understanding that Boston Scientific will treat them as outside counsel eyes only pending entry of a protective order.

              Very truly yours,

              *JMS*

              Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



| | | | |
|---|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jspanbauer@sidley.com
(312) 853-7582

FOUNDED 1866

May 6, 2008

**By Federal Express Overnight Courier**

Jerry Canada
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007
(212) 908-6292
jcanada@kenyon.com

> Re:   Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765

Dear Jerry:

　　　　Please find enclosed one DVD containing Cordis production documents CRDS01419335 to CRDS01443209.  These documents contain "Confidential" and "Highly Confidential" information.  As the parties have agreed, Cordis is producing these documents with the understanding that Boston Scientific will treat them as outside counsel eyes only pending entry of a protective order.

　　　　　　　　　　Very truly yours,

　　　　　　　　　　*JMS*

　　　　　　　　　　Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CH1 4238544v.1


SIDLEY AUSTIN LLP

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL  60603
(312) 853 7000
(312) 853 7036 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

jspanbauer@sidley.com
(312) 853-7582

FOUNDED 1866

July 1, 2008

**By Federal Express Overnight Courier**

Jerry Canada
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007
(212) 908-6292
jcanada@kenyon.com

Re:   Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765

Dear Jerry:

Please find enclosed one Hard Drive containing Cordis production documents CRDS01443210 – CRDS01576445 (Volume KK013); CRDS01576446 – CRDS01577189 (Volume KK014); Replacement images for foreign language document image placeholders (Volumes KK008, KK009, KK012); Manual document suffix productions of foreign language documents (Volumes KK003, KK004, KK005, KK009).  These documents contain "Confidential" and "Highly Confidential" information.  As the parties have agreed, Cordis is producing these documents with the understanding that Boston Scientific will treat them as outside counsel eyes only pending entry of a protective order.

Very truly yours,

_jms_

Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CHI 4238544v.1



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |
| jspanbauer@sidley.com | | |
| (312) 853-7582 | FOUNDED 1866 | |

July 15, 2008

**By Federal Express Overnight Courier**

Jerry Canada
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007
(212) 908-6292
jcanada@kenyon.com

> Re:   Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765

Dear Jerry:

Please find enclosed one DVD containing Cordis production documents CRDS01577190 to CRDS01628416. These documents contain "Confidential" and "Highly Confidential" information. As the parties have agreed, Cordis is producing these documents with the understanding that Boston Scientific will treat them as outside counsel eyes only pending entry of a protective order.

Very truly yours,

Jon M. Spanbauer

Enclosure
JMS/jms

CH1 4238544v.1



| | |
|---|---|
| SIDLEY AUSTIN LLP | BEIJING · LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS · NEW YORK |
| CHICAGO, IL 60603 | CHICAGO · SAN FRANCISCO |
| (312) 853 7000 | DALLAS · SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT · SINGAPORE |
| | GENEVA · SYDNEY |
| | HONG KONG · TOKYO |
| | LONDON · WASHINGTON, D.C. |
| jspanbauer@sidley.com | |
| (312) 853-7582 | FOUNDED 1866 |

July 24, 2008

**By Federal Express Overnight Courier**

Jerry Canada
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007
(212) 908-6292
jcanada@kenyon.com

Re:    Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765

Dear Jerry:

Please find enclosed one Hard Drive containing Cordis production documents CRDS01628417 – CRDS01649701 (Volume KK016); CRDS01649702 – CRDS01678514 (Volume KK017); CRDS01678515 – CRDS01678715 (Volume KK018); CRDS01678716 – CRDS01720889 (Volume KK019); CRDS01720890 – CRDS01725932 (Volume KK020); Manual document suffix productions of foreign language documents (Volumes KK005, KK013). These documents contain "Confidential" and "Highly Confidential" information. As the parties have agreed, Cordis is producing these documents with the understanding that Boston Scientific will treat them as outside counsel eyes only pending entry of a protective order.

Very truly yours,

*jmb*.

Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jspanbauer@sidley.com
(312) 853-7582

FOUNDED 1866

July 31, 2008

**By Federal Express Overnight Courier**

Jeffrey Ginsberg
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007

        Re:    Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765

Dear Jeffrey:

Enclosed please find one DVD containing production volume KK021 bates range
CRDS01725933 through CRDS01727345 (Cordis documents) and production volume KK022
bates range WYTE00000001 through WYTE00017823 (Wyeth documents).  These documents
contain "Confidential" and "Highly Confidential" information.  As the parties have agreed,
Cordis is producing these documents with the understanding that Abbott will treat them as
outside counsel eyes only pending entry of a protective order.

Please note that the enclosed production volumes KK021 and KK022 replace the production
volume KK021 bates range CRDS01725933 through CRDS 01744762 that was produced under
cover letter dated July 29, 2008.  As such, please return the July 29, 2008 production volume
KK021 to my attention.

                    Very truly yours,

                    *jms.*

                    Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CH1 4238544v.1



| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
|---|---|---|
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL  60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jspanbauer@sidley.com
(312) 853-7582

FOUNDED 1866

August 14, 2008

**By Federal Express Overnight Courier**

Jeffrey Ginsberg
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007

Re:   <u>Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765</u>

Dear Jeffrey:

Enclosed please find one CD containing production volume KK026 bates range CRDS01727346 through CRDS01735111.  These documents contain "Confidential" and "Highly Confidential" information.  As the parties have agreed, Cordis is producing these documents with the understanding that Abbott will treat them as outside counsel eyes only pending entry of a protective order.

Very truly yours,
Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CH1 4238544v.1



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL  60603
(312) 853 7000
(312) 853 7036 FAX

BEIJING          LOS ANGELES
BRUSSELS         NEW YORK
CHICAGO          SAN FRANCISCO
DALLAS           SHANGHAI
FRANKFURT        SINGAPORE
GENEVA           SYDNEY
HONG KONG        TOKYO
LONDON           WASHINGTON, D.C.

jspanbauer@sidley.com
(312) 853-7582                              FOUNDED 1866

August 14, 2008

**By Federal Express Overnight Courier**

Jeffrey Ginsberg
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007

       Re:    <u>Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765</u>

Dear Jeffrey:

Enclosed please find one DVD containing production volume KK027 bates range
CRDS01735097 through CRDS01736438.  These documents contain "Confidential" and "Highly
Confidential" information.  As the parties have agreed, Cordis is producing these documents with
the understanding that Abbott will treat them as outside counsel eyes only pending entry of a
protective order.

Very truly yours,
Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

jspanbauer@sidley.com
(312) 853-7562

FOUNDED 1866

September 16, 2008

**By Federal Express**

Paul M. Richter
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004-1007
Telephone: (212) 908-6121

    Re:    *Boston Scientific Corp. et al. v. Johnson & Johnson Inc., at al.,*
           Civil Action Nos. 07-333-SLR, 07-348-SLR, 07-409-SLR, 07-765-SLR

Dear Paul:

    Enclosed are Cordis production documents bearing Bates numbers CYP000001 to CYP204808. These documents contain "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information and should be treated in accordance with the provisions of the protective order in place in these cases. Please note that within this production, documents for the following Bates ranges are not present: CYP200211-45, CYP201730-CYP202431, CYP202456-64, and CYP204398-CYP204789. These Bates ranges have been reserved for future use.

    As noted in my e-mail of September 11, 2008, these documents were produced in an earlier litigation between Cordis and BSC and were provided to Abbott in the parallel actions in New Jersey in December 2007. At that time, BSC had not served document requests and, due to an oversight, these documents were not subsequently provided to BSC. Cordis also made an independent search and production of approximately 1.7 million pages of documents responsive to BSC's document requests in this case. Therefore, we believe that most, if not all, of the relevant documents contained in this production have already been produced to BSC.

                                      Very truly yours,

                                       Jon M. Spanbauer

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jspanbauer@sidley.com
(312) 853-7582

FOUNDED 1866

September 17, 2008

**By Federal Express Overnight Courier**

Jeffrey Ginsberg
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007

       Re:   <u>Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765</u>

Dear Jeffrey:

Enclosed please find one Hard Drive containing production volume KK030 bates range
CRDS01736439 through CRDS01812197; volume KK0031 bates range WYTE00104486 –
WYTE00112716; volume KK032 bates ranges CRDS01812198 - CRDS01813718. These
documents contain "Confidential" and "Highly Confidential" information. As the parties have
agreed, Cordis is producing these documents with the understanding that Abbott will treat them
as outside counsel eyes only pending entry of a protective order.

Very truly yours,

Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



| SIDLEY AUSTIN LLP | | BEIJING | LOS ANGELES |
|---|---|---|---|
| ONE SOUTH DEARBORN | | BRUSSELS | NEW YORK |
| CHICAGO, IL  60603 | | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | | FRANKFURT | SINGAPORE |
| | | GENEVA | SYDNEY |
| | | HONG KONG | TOKYO |
| | | LONDON | WASHINGTON, D.C. |

jspanbauer@sidley.com
(312) 853-7582                          FOUNDED 1866

September 19, 2008

**By Federal Express Overnight Courier**

Jeffrey Ginsberg
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007

Re:    Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765

Dear Jeffrey:

Enclosed please find one Hard Drive containing production volume KK033 bates range
CRDS01813719 through CRDS01815063. These documents contain "Confidential" and "Highly
Confidential" information.  As the parties have agreed, Cordis is producing these documents with
the understanding that Abbott will treat them as outside counsel eyes only pending entry of a
protective order.

Very truly yours,
Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CH1 4238544v.1



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jspanbauer@sidley.com
(312) 853-7582

FOUNDED 1866

October 14, 2008

**By Federal Express Overnight Courier**

Jeffrey Ginsberg
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007

Re:    Boston Scientific v. Cordis / Case Nos. 07-333, 348, 409 & 765

Dear Jeffrey:

Enclosed please find one Hard Drive containing production volume KK034, KK035, KK036, KK037.

| Production | PRODBEG | PRODEND | DOC COUNT | PAGE COUNT |
|---|---|---|---|---|
| KK034 | CRDS01815064 | CRDS01817309 | 535 | 2,246 |
| KK035 | WYTE00112717 | WYTE00113132 | 78 | 416 |
| KK036 | CRDS01817310 | CRDS01818248 | 103 | 939 |
| KK037 | WYTE00113133 | WYTE00115157 | 136 | 2,025 |

These documents contain "Confidential" and "Highly Confidential" information.  As the parties have agreed, Cordis is producing these documents with the understanding that Abbott will treat them as outside counsel eyes only pending entry of a protective order.

.

*jms.*

Very truly yours,
Jon M. Spanbauer

Enclosure
JMS/jms

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CH1 4238544v.1

# EXHIBIT I

Westlaw.

148 Fed.Appx. 82                                                                                                                Page 1
148 Fed.Appx. 82, 2005 WL 1950761 (C.A.3 (N.J.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 148 Fed.Appx. 82, 2005 WL 1950761 (C.A.3 (N.J.)))**

**H**This case was not selected for publication in the
Federal Reporter.

NOT PRECEDENTIAL   Please use FIND to look at
the applicable circuit court rule before citing this
opinion. Third Circuit Local Appellate Rule 28.3(a)
and Internal Operating Procedure 5.3. (FIND CTA3
Rule 28.0 and CTA3 IOP APP I 5.3.)
     United States Court of Appeals, Third Circuit.
     DIMENSIONAL COMMUNICATIONS, INC.
                            v.
            OZ OPTICS, LTD., Appellant.
                    **No. 04-1817.**

     Submitted Under Third Circuit LAR 34.1(a) May 10,
                          2005.
                 Decided Aug. 12, 2005.

**Background:**      Trade-show booth manufacturer
brought breach of contract action against client that
refused to pay for maintenance and set-up costs. The
United States District Court for the District of New
Jersey, William G. Bassler, J., denied client's motion
for leave to file counterclaim, as well as its post-trial
motion for judgment as a matter of law or, in the al-
ternative, for a new trial. Client appealed.

**Holdings:**     The Court of Appeals, Pollak, Senior
District Judge, sitting by designation, held that:
(1) motion for leave to file counterclaim was properly
denied;
(2) evidence supported jury's finding that client had
authorized ancillary charges;
(3) evidence supported jury's determination that cli-
ent was not entitled to a set-off; and
(4) client waived its challenges to jury instructions by
failing to raise them at trial.

Affirmed.

For related reference, see 218 F.Supp.2d 653.

                    West Headnotes

**[1] Federal Civil Procedure 170A ☞1935.1**

170A Federal Civil Procedure
     170AXIV Pre-Trial Conference
          170Ak1935 Order
               170Ak1935.1 k. In General. Most Cited
Cases
Failure to satisfy good cause requirement of rule
governing modifications of a court's schedule was
sufficient to deny motion for leave to file counter-
claim that was filed after the amendment deadline
had elapsed. Fed.Rules Civ.Proc.Rule 16(b), 28
U.S.C.A.

**[2] Federal Civil Procedure 170A ☞840**

170A Federal Civil Procedure
     170AVII Pleadings and Motions
          170AVII(E) Amendments
               170Ak839 Complaint
                    170Ak840 k. Time for Amendment.
Most Cited Cases

**Federal Civil Procedure 170A ☞847**

170A Federal Civil Procedure
     170AVII Pleadings and Motions
          170AVII(E) Amendments
               170Ak844 Answer
                    170Ak847 k. Counterclaim. Most Cited
Cases
Leave to file counterclaim after responsive pleading
had been served in breach of contract action was not
warranted, where defendant's delay was undue and
the requested amendment would be prejudicial to
plaintiff. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[3] Sales 343 ☞383**

343 Sales
     343VII Remedies of Seller
          343VII(F) Actions for Damages
               343k380 Evidence
                    343k383 k. Weight and Sufficiency.
Most Cited Cases
Testimony that subcontractor of trade-show booth
manufacturer overheard client approve markups, that
employee of manufacturer had explained to client

148 Fed.Appx. 82                                                    Page 2
148 Fed.Appx. 82, 2005 WL 1950761 (C.A.3 (N.J.))
**(Not Selected for publication in the Federal Reporter)**
(Cite as: 148 Fed.Appx. 82, 2005 WL 1950761 (C.A.3 (N.J.)))

that there would be handling charges, and that client had been quoted a per-show estimate of refurbishment costs was sufficient to support jury's finding in breach of contract action that client had authorized ancillary charges.

**[4] Sales 343** ☞383

343 Sales
   343VII Remedies of Seller
      343VII(F) Actions for Damages
         343k380 Evidence
            343k383 k. Weight and Sufficiency.
Most Cited Cases
Evidence suggesting that client of trade-show booth manufacturer had authorized ancillary charges and thus was unjustified in refusing to pay them, coupled with testimony from manufacturer stating that it would have returned retained property upon receipt of payment from client, was sufficient to support jury's determination in breach of contract action that client was not entitled to a set-off.

**[5] Federal Courts 170B** ☞631

170B Federal Courts
   170BVIII Courts of Appeals
      170BVIII(D) Presentation and Reservation in Lower Court of Grounds of Review
         170BVIII(D)2 Objections and Exceptions
            170Bk630 Instructions
               170Bk631 k. Requests and Failure to Give Instructions. Most Cited Cases
Defendant in breach of contract action that neither requested jury instruction on permissibility of self-help, nor objected to the omission of such an instruction, could not assert on appeal that trial court erred in failing to give that instruction.

**[6] Federal Courts 170B** ☞633

170B Federal Courts
   170BVIII Courts of Appeals
      170BVIII(D) Presentation and Reservation in Lower Court of Grounds of Review
         170BVIII(D)2 Objections and Exceptions
            170Bk633 k. Verdict or Findings. Most Cited Cases
Defendant in breach of contract action that failed to object to jury verdict form before trial court could not

raise an objection to that form on appeal.

**[7] Federal Courts 170B** ☞631

170B Federal Courts
   170BVIII Courts of Appeals
      170BVIII(D) Presentation and Reservation in Lower Court of Grounds of Review
         170BVIII(D)2 Objections and Exceptions
            170Bk630 Instructions
               170Bk631 k. Requests and Failure to Give Instructions. Most Cited Cases
Defendant that did not object to judge's asserted failure to instruct jury on alleged breach of contract at trial could not raise that claim on appeal.

**\*83** On Appeal from the United States District Court for the District of New Jersey. (D.C. Civil No. 01-cv-4893). District Judge: Honorable William G. Bassler.
Timothy J. O'Neill, Windels, Marx, Lone & Mittendorf, Princeton, NJ, for Dimensional Communications, Inc.
Peter A. Ouda, Somerville, NJ, for OZ Optics, Ltd.

Before SLOVITER and FISHER, Circuit Judges. and POLLAK,[FN*] District Judge.

     FN* Honorable Louis H. Pollak, Senior District Judge for the United States District Court of the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

POLLAK, District Judge.
**\*\*1** This diversity case arises out of a contract dispute between Dimensional Communications, Inc., ("DCI"), and Oz Optics, Ltd. ("Oz").[FN1]   Oz, a manufacturer of optical **\*84** fiber communications equipment, had a jury verdict entered against it on a breach of contract claim brought by DCI, a corporation that designs, manufactures, and installs trade-show booths. Oz appeals from the District Court's orders (1) denying Oz's motion for leave to file a counterclaim, and (2) denying Oz's post-trial motion for judgment as a matter of law or, in the alternative, for a new trial. The District Court exercised jurisdiction over this suit under 28 U.S.C. § 1332(a)(2),[FN2] and this court has appellate jurisdiction under 28 U.S.C. § 1291. For the reasons which follow, we will

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

148 Fed.Appx. 82                                                                                    Page 3
148 Fed.Appx. 82, 2005 WL 1950761 (C.A.3 (N.J.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 148 Fed.Appx. 82, 2005 WL 1950761 (C.A.3 (N.J.)))

affirm.

> FN1. Oz has been alternately referred to as "Oz" or "OZ" in the parties' submissions and in the District Court docket. For the sake of uniformity, we will use only "Oz" here.

> FN2. Oz is a Canadian corporation with its principal place of business in Ontario; DCI is a New Jersey corporation with its principal place of business in Northvale, New Jersey.

## I.

Inasmuch as we write chiefly for the parties it is not necessary to recite the facts of this case in detail. Oz and DCI had entered into a contract according to which DCI was to design and construct a trade-show booth for Oz. After the booth was completed, DCI coordinated the transportation of the booth to four trade-shows, and performed maintenance and set-up activities at each show. DCI billed Oz separately for the maintenance and set-up costs, and Oz refused to pay for any of these ancillary charges on the ground that it had not authorized them. While Oz had most of the electronic equipment used in its booth shipped back to its New Jersey facility, DCI retained the booth itself and some of the electronic equipment pending Oz's payment of the outstanding invoices. On October 22, 2001, DCI filed its complaint in the United States District Court for the District of New Jersey, asserting claims for breach of contract, book account, and quantum meruit. Oz's answer asserted the affirmative defense of set-off/recoupment, but it contained no counterclaims.

On November 12, 2002, Magistrate Judge Madeline Cox Arleo entered a Pretrial Scheduling Order that, *inter alia,* set December 31, 2002, as the deadline for filing motions to amend the pleadings. On May 16, 2003, Oz filed a motion to amend its answer to assert a counterclaim for conversion for the seizure of the trade-show booth and other property. After briefing and argument, Magistrate Judge Arleo denied Oz's motion, finding, pursuant to Fed. R. Civ. Proc. 16(b), that Oz had not shown good cause for its failure to comply with the Pretrial Scheduling Order. Magistrate Judge Arleo further found that Oz's actions constituted undue delay and evidenced dilatory motive,

such that Oz could not meet the liberal amendment provisions of Fed. R. Civ. Proc. 15(a). Oz appealed Magistrate Judge Arleo's denial of its motion to amend, and the District Court affirmed the denial. This affirmance is the first subject of this appeal.

The case was tried before a jury in December, 2003. The jury rendered a verdict in favor of DCI in the amount of $492,766.01. The jury also found that Oz was not entitled to any recoupment or setoff. On January 13, 2004, Oz filed a motion for judgment as a matter of law or, in the alternative, a new trial. The District Court denied that motion, finding that Oz was entitled neither to judgment as a matter of law nor to a new trial. The District Court's denial of this post-trial motion gives rise to Oz's second and third grounds of appeal.

## II.

**\*\*2** We review a district court's denial of leave to amend a pleading for abuse of **\*85** discretion. *See Arab African Int'l Bank v. Epstein,* 10 F.3d 168, 174 (3d Cir.1993). "An abuse of discretion occurs when the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Montgomery County v. Microvote Corp.,* 320 F.3d 440, 445 (3d Cir.2003) (citation and quotation marks omitted).

We exercise plenary review over a district court's denial of a Rule 50(b) motion for judgment as a matter of law. *See, e.g., Delli Santi v. CNA Ins. Cos.,* 88 F.3d 192, 200 (3d Cir.1996).

We review a district court's denial of a new trial motion for abuse of discretion. *Honeywell, Inc. v. American Standards Testing Bureau, Inc.,* 851 F.2d 652, 655 (3d Cir.1988).

## III.

### A. Motion to Amend

Where, as here, a party seeks to amend a pleading after a responsive pleading has been served, it may do so "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a).

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997). In addition, a court's "schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. Proc. 16(b).

Magistrate Judge Arleo found that Oz could not satisfy Rule 16(b)'s good cause requirement because Oz was in possession of the facts underlying its proposed counterclaim well before the amendment deadline. The Magistrate Judge found further that Rule 15(a)'s liberal amendment provision did not extend to Oz because Oz's delay was undue and prejudicial, and because it evidenced a dilatory motive. The District Court agreed with the Magistrate Judge's findings, and concluded that the Magistrate Judge's denial of Oz's motion to amend did not constitute clear error.

[1][2] Oz now argues that the Third Circuit has not adopted a "good cause" requirement in determining the propriety of a motion to amend a pleading after the deadline has elapsed, and that the District Court thus abused its discretion in denying the motion to amend. We disagree. In *Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir.2000)-a case with a similar procedural history-this court approved the district court's determination that a failure to satisfy Rule 16(b)'s "good cause" requirement was sufficient to deny a motion to amend filed six months after the deadline for amendments to pleadings. Further, we find no error in the Magistrate Judge's finding, which the District Court approved, that Oz could not satisfy even the liberal amendment provisions of Rule 15(a) because Oz's delay was undue and its requested amendment would be prejudicial to DCI. In short, there is no ground for disturbing the District Court's order.

B. Motion for Judgment As a Matter of Law

**3 A denial of a post-trial motion for judgment as a matter of law shall be affirmed where "there is sufficient evidence to support the verdict, drawing all reasonable inferences in favor of the verdict winner." *Blum v. Witco Chemical Corp.*, 829 F.2d 367, 372 (3d Cir.1987).

[3] Oz contests two elements of the verdict on the ground that there was, Oz *86 contends, no rational basis for them. First, Oz asserts that the jury erred in finding that Oz had authorized ancillary charges, which included markups for subcontractor work, and freight, handling, refurbishing and storage charges.[FN3]

Yet the jury could reasonably have inferred that Oz had authorized the ancillary charges. For example, the jury heard testimony that a sub-contractor of DCI had overheard Oz's president approve the markups; that a DCI employee had explained to Oz's president that there would be handling charges; and that Oz's president had been quoted a per-show estimate of refurbishment costs. Further, as the District Court found, there was evidence of an oral agreement for storage charges. This testimony formed a legitimate basis for the jury's finding that Oz had authorized the charges. Thus, Oz's first claim of error is baseless.

> FN3. As a subsidiary element of its claim that the jury erred in finding that Oz had approved the ancillary charges, Oz argues that the jury erred further in adopting DCI's calculation of the handling charges inasmuch as DCI, so Oz contends, relied upon a "myster[ious]," "undisclosed mathematical equation" to arrive at this calculation. As the District Court found, however, DCI presented testimony describing how it arrived at the handling charges. The jury thus had a reasonable basis upon which to conclude that Oz did in fact owe DCI money in the asserted amount.

[4] Second, Oz contends that the jury erred in failing to reduce its verdict by the monies that Oz lost as a result of DCI's seizure of Oz's booth and some of the electronic equipment used in that booth. Yet having found that Oz had authorized the ancillary charges and hence was unjustified in refusing to pay for them, and having heard testimony from DCI stating that it would have returned the retained property upon receipt of payment from Oz, the jury could have reasonably concluded that Oz was not entitled to a set-off. Accordingly, Oz's claim that the jury erred in rejecting its recoupment/set-off defense is also baseless.

In sum, because sufficient evidence supported the jury's verdict, the District Court did not err in denying Oz's motion for judgment as a matter of law.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

C. Motion for a New Trial

Oz argues that three grounds supported its motion for a new trial. First, Oz contends that, even though neither party requested a jury instruction on whether DCI was entitled to use self-help, the District Court should have issued *sua sponte* an instruction disapproving the use of self-help. Second, the District Court should have provided a jury verdict sheet that itemized the charges Oz would be found to have owed DCI since, without such itemization and in light of the jury's verdict that Oz owed less than DCI claimed it did, the parties cannot determine which charges the jury in fact found that Oz was obligated to pay. Finally, Oz charges that the District Court should have found, as a matter of law, that DCI breached the contract with Oz, and instructed the jury accordingly.

[5] Oz's charge that the District Court erred in failing to instruct on the permissibility of the use of self-help is unavailing. "[A]n appellate court will not consider trial errors [involving alleged deficiencies in jury instructions] to which no objection was made." *Hoffman v. Sterling Drug, Inc.,* 485 F.2d 132, 138 (3d Cir.1973). Before the District Court, Oz neither requested a jury instruction on the permissibility of self-help nor objected to the omission of such an instruction. We will not entertain Oz's objection to the jury instructions now.

\*87 \*\*4 [6] Oz's claim that the judge ought to have furnished the jury with an itemized jury verdict form is no more meritorious. "It is well established that the trial court may exercise broad discretion in determining whether to use a general verdict or the procedures described in Rule 49 of the Federal Rules of Civil Procedure." *Kazan v. Wolinski,* 721 F.2d 911, 915 (3d Cir.1983). Further, there is no evidence in the record that Oz objected below to the jury verdict form, and its failure to do so before the District Court bars it from raising that objection before this court. Accordingly, we decline to find that the District Court erred in constructing the jury verdict form as it did.

[7] For similar reasons, we find no merit in Oz's claim that the District Court should have found, as a matter of law, that DCI breached the contract with Oz, and instructed the jury accordingly. The District Court judge properly determined that the parties had adduced evidence sufficient to create an issue of fact on this matter. Further, Oz did not at trial raise any objections to the judge's asserted failure to instruct the jury on the alleged breach of contract, and so we will not consider these objections now.

In sum, we find that the District Court did not abuse its discretion in denying Oz's motion for a new trial.

IV.

For the foregoing reasons, we do not find merit in any of Oz's claims of error. Accordingly, the challenged orders of the District Court will be affirmed.

C.A.3 (N.J.),2005.
Dimensional Communications, Inc. v. OZ Optics, Ltd.
148 Fed.Appx. 82, 2005 WL 1950761 (C.A.3 (N.J.))

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.