IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, INC. and CORDIS CORPORATION,<br><br>Defendants. | Civil Action No. 07-333-SLR<br>Civil Action No. 07-348-SLR<br>Civil Action No. 07-409-SLR |
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, INC., CORDIS CORPORATION, and WYETH,<br><br>Defendants. | Civil Action No. 07-765-SLR<br><br>**REDACTED – PUBLIC VERSION** |

**BSC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF ANTONIOS G. MIKOS, Ph.D.**

*Of Counsel:*

Richard L. DeLucia
Paul M. Richter, Jr.
Michael K. Levy
**KENYON & KENYON LLP**
One Broadway
New York, NY 10004
(212) 425-7200

Dated: October 16, 2009

Redacted Version: October 27, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (#1088) [jingersoll@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
Karen E. Keller (#4489) [kkeller@ycst.com]
Andrew A. Lundgren (#4429) [alundgren@ycst.com]
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Plaintiffs*
*Boston Scientific Corporation and*
*Boston Scientific Scimed, Inc.*

## TABLE OF CONTENTS

                                                                            **Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ....................................................................................................................... 2

I.     Cordis Readily Concedes That It Could Have Timely Disclosed Its New Infringement Theories In Dr. Mikos's *Three* Earlier Expert Reports Or In a Supplementation to Its July 24, 2008 Interrogatory Response But Inexplicably Failed to Do So .................................. 2

II.    BSC Will Be Unfairly Prejudiced If The September 2, 2009 Supplemental Mikos Report Is Not Stricken ................................................................................................................ 6

CONCLUSION ................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Paoli Railroad Yard PCB Litigation,*
    35 F.3d 717 (3d Cir. 1994) ............................................................................................ 9

*Power Integrations, Inc. v. Fairchild Semiconductor Intern, Inc.,*
    No. C.A. 04-1371-JJF, 2006 WL 2435083 (D. Del. Aug. 22, 2006) ..........................9

*Praxair, Inc. v. ATMI, Inc.,*
    445 F. Supp. 2d 460 (D. Del. 2006) ..........................................................................8, 9

DB01:2747968.1      054604.1003

## INTRODUCTION

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "BSC") submit this reply brief in further support of their Motion to Strike the Supplemental Expert Report of Antonios G. Mikos, Ph.D and to address the assertions made by Cordis in its response (D.I. 300, "Cordis Response Br.").[1]

While Cordis attempts to minimize the import of Dr. Mikos's untimely supplemental report and downplay the prejudice BSC would suffer if the opinions that report contains are allowed in the case, it is unable to present any good reason for its delay. Further, Cordis entirely ignores that the tight claim construction and summary judgment briefing schedule the parties are currently operating under exacerbates the prejudice to BSC caused by these late opinions. The time for expert report service passed a long time ago. BSC cannot now be expected to respond to new and previously undisclosed opinions, at the expense of its proper focus on expert depositions, claim construction briefing, dispositive motions, and other trial preparations. Moreover, it is simply unreasonable for Cordis to force BSC to incur additional expense in responding to "supplemental reports" that were not contemplated by the Court's Scheduling Order.

Indeed, the real prejudice to BSC if this motion to strike is not granted is demonstrated by Cordis's repeated reliance on Dr. Mikos's untimely, new opinions in its opposition to BSC's motion for summary judgment of non-infringement. Cordis's failure to abide by the Court's scheduling order for expert disclosures has stripped BSC of a full opportunity to assess and

---

[1] Unless otherwise indicated, the docket index numbers in the brief refer to documents filed in connection with C.A. No. 07-333.

-2-

respond to these new opinions from Dr. Mikos prior to filing its opening summary judgment briefs. On the other hand, Cordis has freely and improperly relied on Dr. Mikos's late opinions to oppose BSC's motion.

## ARGUMENT

I. **Cordis Readily Concedes That It Could Have Timely Disclosed Its New Infringement Theories In Dr. Mikos's *Three* Earlier Expert Reports Or In a Supplementation to Its July 24, 2008 Interrogatory Response But Inexplicably Failed to Do So**

As described in BSC's opening brief, Dr. Mikos's September 2, 2009 supplemental report included two new opinions that Cordis did not timely disclose. ▐

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▐

Cordis begins its opposition brief with an attempt to underplay the importance of these new opinions. For instance, Cordis notes that Dr. Mikos's report is only a "six-page supplemental ... report" (Cordis Resp. Br. at 1) implying that the length of the report somehow excuses Cordis from interjecting new opinions late in the case. The length of Dr. Mikos's supplemental report, however, does not change the fact that it includes new and previously undisclosed opinions.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

[redacted]

Dr. Mikos's new opinions have also found their way into Cordis's recent oppositions to BSC's motions for summary judgment of non-infringement. [redacted]

DB01:2747968.1                                                                                           054604.1003

Despite all its efforts to downplay their importance, Cordis does not contest that these two opinions are new and were not disclosed to BSC prior to the service of Dr. Mikos's untimely supplemental report. Also conspicuously lacking from Cordis's response is any reasonable explanation for its delay. This fact alone dooms its arguments. While Cordis concedes that these opinions "could have been included in [Dr. Mikos's] August 7, 2009 report." (Cordis Resp. Br. at 1), it fails to state the obvious. That is, because Dr. Mikos's late opinions relate to infringement (an issue on which Cordis bears the burden of proof), they could and should have been included in his much earlier June 12, 2009 report. Cordis does not contend – because it cannot – that Dr. Mikos's opinions are premised on evidence that was unavailable to Cordis or Dr. Mikos at the time Dr. Mikos's other three expert reports were served. Instead, the materials cited by Dr. Mikos were available to Cordis (and presumably even in Dr. Mikos's hands) all throughout expert discovery.

Furthermore, Cordis fails to even address the fact that the new infringement theories set forth by Dr. Mikos were never disclosed by Cordis in its responses to BSC's interrogatories (despite the fact that those interrogatories were served over a year ago). Not only is it inappropriate for Cordis to advance a new infringement theory after the deadline for exchanging expert reports, but it is also inappropriate for Cordis to advance infringement theories that were never disclosed in its infringement contentions (or in its first round of expert reports setting forth how PROMUS allegedly infringes the patents-in-suit).

[redacted]

-5-

[text redacted]

Finally, Cordis argues that it was prevented from setting forth the new opinions in Dr. Mikos's August 7th expert report because it was responding to 342 pages of expert reports from BSC and 268 pages of expert reports from Abbott Laboratories at the time (in a parallel case in New Jersey). (*See* Cordis Resp. Br. at 1.) Again, Cordis ignores that Dr. Mikos's infringement opinions should have been set forth in his June 12, 2009 report. Regardless, the fact that Dr. Mikos was unable to set forth the new opinions in earlier reports because Cordis's counsel and experts were somehow overworked is not a legitimate reason to allow Cordis to serve an untimely supplemental report not contemplated by the Court's scheduling order. Despite being confronted by similarly voluminous Cordis expert reports, BSC was able to get its ducks in a row. If Cordis was unable to adequately respond to BSC's expert reports, it should have requested an extension of the case schedule so that all of its experts' opinions could have been properly disclosed in line with the Court's scheduling order. Moreover, it was Cordis who elected to initiate the present cases. It was also Cordis that decided to assert four different patents (all of which cite hundreds of prior art references on their face). And, it was Cordis that refused to reasonably limit the number of claims it was asserting. BSC cannot be blamed for the case's complexity.

Simply put, Cordis has conceded that the opinions in Dr. Mikos's supplemental report are new and untimely. And, besides highlighting that it has been busy over the last few weeks,

Cordis has failed to provide any reason for its untimely disclosure of Dr. Mikos's opinions. This does not justify its disregard of the Court's scheduling order.

## II.   BSC Will Be Unfairly Prejudiced If The September 2, 2009 Supplemental Mikos Report Is Not Stricken

After failing to provide any reasonable explanation for its delay, Cordis then vainly attempts to gloss over the real prejudice BSC will suffer if Dr. Mikos's untimely opinions are allowed in the case.



-7-

According to Cordis, BSC has already addressed the issue in its previous expert reports, had ample time to prepare to depose Dr. Mikos on the new infringement theory, has ample time to submit a further reply expert report, and has ample time to address the issue in its summary judgment briefing. (*See* Cordis Resp. Br. at 4-6.) These arguments do not stand up to even minimal scrutiny of the actual facts and schedule in this case.

BSC's experts have most certainly not had an opportunity to address Cordis's new infringement position. ███████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████ Moreover, the fact that BSC was able to spend a small amount of time questioning Dr. Mikos concerning his new opinions at his deposition does not in any way alleviate the prejudice it will suffer. BSC was not able to depose Dr. Mikos until *after* the submission of opening summary judgment briefs *and* opening claim construction briefs. Under the Court's Scheduling Order, BSC was entitled to have access to all of Dr. Mikos's opinions long before this briefing was due. Similarly, the fact that Cordis seems to be willing to allow BSC to submit a further expert report responding to Dr. Mikos's untimely opinions (*see* Cordis Resp. Br. at 2) also does not cure the prejudice to BSC. Not only will any such supplemental report be submitted long after claim construction and summary judgment briefing as been completed (thus reducing its usefulness), ███████████████████████████████
███████████████████████████████████████████████████████████████
███████████ BSC should not be forced to spend the time and incur the cost associated

with producing a fourth round of expert reports when it should be focusing on claim construction briefing, summary judgment briefing, and hearing preparations. This was simply not contemplated by the Court's Scheduling Order.[4]

Moreover, as noted above, Cordis is attempting to use Dr. Mikos's untimely opinions in its opposition to BSC's motions for summary judgment of non-infringement. (*See, e.g.,* Cordis SJ Opp. Br. at 13, 14-15.) This only serves to highlight how acute the prejudice to BSC will be if Dr. Mikos's opinions are allowed in the case. Because Dr. Mikos's opinions were not served in the manner and at the time required by the Court's scheduling order, BSC was not fully able to assess them with its own experts and assemble rebuttal reports before opening summary judgment briefing was due. Such gamesmanship should not be permitted.

The case law cited by Cordis also does not weigh in favor of its position. For instance, while Cordis claims that the cases cited by BSC include "substantially different facts" than those at issue here, this is not the case. As an initial matter, Cordis only discusses one of the four cases cited by BSC, and distinguishes that case on the basis that the supplemental expert report in that case was submitted the morning of the expert's deposition whereas in the present case Cordis submitted Dr. Mikos's supplemental report one month before his deposition. (*See* Responsive Br. at 6–7 (discussing *Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp. 2d 460 (D. Del. 2006)).) However, in striking the supplemental expert report, the Court in *Praxair* highlighted not only the fact that the report was submitted shortly before the expert's deposition but also that it was

---

[4] Cordis also claims that any prejudice sustained by BSC is minimal because Dr. Mikos's supplemental report was only a "few weeks" late. (*See* Cordis Resp. Br. at 1.) This argument entirely ignores that Dr. Mikos's untimely opinions relate to infringement (an issue on which Cordis bears the burden of proof) and thus should have been included in his June 12, 2009 report. As a result, these opinions were disclosed, in actuality, almost four months late.

-8-

"close to a month after discovery was closed. The scheduling order at bar did not allow for supplemental reports. [The expert's] supplemental report contained new testing, conclusions and theories of invalidity not contained in his original report. The report was filed ten days before the summary judgment motions were due, so [the other party] had no opportunity to conduct rebuttal discovery for the summary judgment motions." *Praxair*, 445 F. Supp. 2d at 470. Thus, the relevant facts of *Praxair* are hardly "substantially different" than those of the current case.

Further signaling the frivolity of its position, Cordis does not discuss how the facts of the three other cases cited by BSC are "substantially different" than the present case, but BSC submits that the relevant facts of the three other cases are very similar to those in the present case, and provide ample support for BSC's position. Unlike the cases cited by BSC, the cases that Cordis itself cited in support of its argument are in fact substantially different than the present case. *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717 (3d Cir. 1994) is inapposite to the present case for at least two reasons. First, the supplemental testimony at issue in *Paoli* was simply an elaboration of previously disclosed testimony. *Id.* at 792. ████████████
████████████████████████████████████████
████████████████████ Second, the supplemental testimony was disclosed 60 days before the close of discovery and four months before trial. *Id.* In the present case, Dr. Mikos's supplemental report was submitted after the deadline for exchanging expert reports and a mere two weeks before opening summary judgment and claim construction briefs were due.
████████████████████████████████████████
████████████████████████

Moreover, in *Power Integrations, Inc. v. Fairchild Semiconductor Intern, Inc.*, No. C.A. 04-1371-JJF, 2006 WL 2435083 (D. Del. Aug. 22, 2006) the court allowed a supplemental

expert report because it was based on evidence not available to the expert at the time of his original report (partly due to the fact that the party wishing to exclude the supplemental report did not produce certain documents before the original report was submitted), and therefore, the opinions expressed in the supplemental report could not have been included in the original report. *Id.* at *1.

Conversely, in the present case, the supplemental Mikos report contains new arguments and infringement theories based on evidence that was available to Cordis long before Dr. Mikos submitted his original three expert reports. Thus, as the courts did in the cases cited by BSC, this Court should strike the Supplemental Mikos Report to prevent BSC from being unfairly prejudiced by Cordis's attempt to sneak new evidence and an entirely new infringement theory into the case at the last minute.

## CONCLUSION

For the foregoing reasons BSC respectfully requests that the September 2, 2009 Supplemental Mikos Report be stricken in its entirety.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Andrew A. Lundgren*

---

Josy W. Ingersoll (#1088) [jingersoll@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
Karen E. Keller (#4489) [kkeller@ycst.com]
Andrew A. Lundgren (#4429) [alundgren@ycst.com]
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Plaintiffs*
*Boston Scientific Corporation and*
*Boston Scientific Scimed, Inc.*

*Of Counsel:*

Richard L. DeLucia
Paul M. Richter, Jr.
Michael K. Levy
**KENYON & KENYON LLP**
One Broadway
New York, NY 10004
(212) 425-7200

Dated: October 16, 2009

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on October 27, 2009, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
>John G. Day, Esquire [jday@ashby-geddes.com]
>Lauren E. Maguire, Esquire [lmaguire@ashby-geddes.com]
>ASHBY & GEDDES
>500 Delaware Avenue, 8th Floor
>Wilmington, DE 19801

I further certify that on October 27, 2009, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel and on the following non-registered participants in the manner indicated:

>***By E-Mail***
>
>David T. Pritikin, Esquire [dpritikin@sidley.com]
>William H. Baumgartner, Esquire [wbaumgartner@sidley.com]
>Russell E. Cass, Esquire [rcass@sidley.com]
>Jon M. Spanbauer, Esquire [jspanbauer@sidley.com]
>SIDLEY AUSTIN LLP
>One South Dearborn
>Chicago, IL 60603

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Andrew A. Lundgren*
>_____
>Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
>Karen L. Pascale (No. 2903) [kpascale@ycst.com]
>Karen E. Keller (No. 4489) [kkeller@ycst.com]
>Andrew A. Lundgren (No. 4429) [alundgren@ycst.com]
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>*Attorneys for Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc.*